UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ANDR'E WARREN,

      Petitioner,

v.                                        Case No. 13-10826

ANDREW JACKSON,

      Respondent.
                                         /

**OPINION AND ORDER DENYING
THE PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
AND DISMISSING THE ACTION WITH PREJUDICE**

      Petitioner Brian Andr'e Warren, a state prisoner, was convicted in 1995 of first-degree (felony) murder, assault and battery, kidnapping, unlawfully driving away an automobile, and two counts of first-degree criminal sexual conduct. Petitioner challenged his convictions in a petition for a writ of habeas corpus, which this court denied in May 2001. *See Warren v. Jackson*, No. 00-73560 (E.D. Mich. May 24, 2001). Petitioner then began filing subsequent petitions without obtaining appellate authorization to do so, as required by 28 U.S.C. § 2244(b)(3)(A). Each of the subsequent petitions was transferred to the Sixth Circuit, which denied or dismissed each petition.

      Petitioner now submits an "Independent Action - Motion for Relief From Judgment Due to Extrinsic Fraud upon the Court" and an "*Ex Parte* Rule 4(c)(3) Motion for Service by [the] Marshal." Petitioner alleges that officers of the court concealed the fact that an expert prosecution witness perjured himself at Petitioner's trial. Petitioner claims that the purportedly perjured testimony undermined his insanity and diminished-

capacity defense and that the alleged concealment constitutes a grave miscarriage of justice.

## I.  Standard of Review

Petitioner brings this action under Federal Rule of Civil Procedure 60(d), which reads:

> Other Powers to Grant Relief.  This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

An independent action under Rule 60(d) is an equitable action, which has no time limitation.  *Mitchell v. Rees*, 651 F.3d 593, 594-95 (6th Cir. 2011).  Its elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id*. at 595.

An independent action under Rule 60(d) is available to prevent "a grave miscarriage of justice."  *Id.*  This "is a 'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas corpus case, he must make a strong showing of actual innocence to establish that relief is required.  *Id.* at 595-96.

## II.  DISCUSSION

Petitioner alleges that in 1995 he was examined for criminal responsibility and competency to stand trial by Dr. Stephen A. Norris, who subsequently issued two reports, stating that he found no evidence of a present mood disorder in Petitioner or of a condition that prevented Petitioner from understanding his trial.[1] (*See* Dkt. # 6, Ex. A at 14, 16-17, and Ex. B at 3, 6.)  Later, at trial, Dr. Norris opined that Petitioner suffered from "antisocial personality disorder" and alcoholism and that Petitioner had faked mental illness during a personality test that Dr. Norris administered.  (*See id.*, Ex. C at 48.)  Petitioner maintains that Dr. Norris's trial testimony amounts to perjury because it contradicts his reports.  Petitioner argues that, absent Dr. Norris's perjured testimony, there was no evidence to contradict Petitioner's expert's testimony that Petitioner lacked the intent necessary to be found guilty.

However, Dr. Norris testified that, in his opinion, a personality disorder is not a mental illness and that an alcoholic and anti-social person does not meet the legal definition of a mentally ill person.  (*Id.*, Ex. C at 48.)  Dr. Norris's trial testimony was therefore consistent with his pre-trial conclusions.

Moreover, even under Petitioner's interpretation of the facts, Petitioner alleges at most that he was convicted on the basis of legally insufficient evidence because he lacked the necessary intent to be found guilty.  He has not demonstrated that he is factually innocent, and, to establish "actual innocence," one must show "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623

---

[1] Petitioner states that he was not aware of these reports until May 31, 2012.

(1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

### III.  CONCLUSION

Petitioner has not demonstrated that Dr. Norris perjured himself at trial or that a fraud on the court prevented Petitioner from obtaining the benefit of his insanity or diminished-capacity defense.  He also has not made a strong showing of actual innocence.  Accordingly,

IT IS ORDERED that the "Independent Action - Motion for Relief from Judgment" [Dkt. #1] is DENIED and that the "*Ex Parte* Rule 4(c)(3) Motion for Service by Marshal" [Dkt. #9] is DENIED AS MOOT.  The action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED because reasonable jurists could not disagree with the court's resolution of the issues or conclude that Petitioner should be encouraged to proceed further.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

     s/Robert H. Cleland            
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2013

I hereby certify that a copy of the foregoing document was mailed to Brian Warren #245972, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon on April 30, 2013, by ordinary mail.

     s/Marcia Beauchemin        
Case Manager and Deputy Clerk